MARRI B. DERBY (SBN107209)
marri@marriderbylaw.com
23 Corporate Plaza Suite 150
Newport Beach, CA 92660
Phone: 949-510-4785; Fax: 949-608-7034

JOEL M. FURMAN (SBN 282222)
1432 Edinger Avenue, Suite 240
Tustin, CA 92780
Phone: 949-887-2397
Email: joelfurmanlaw@gmail.com
**Attorneys for Defendant MICHAEL LERMA**

KENNETH M. MILLER (SBN 151874)
Ken@KMMillerLaw.com
26944 Camino de Estrella, Suite B
Capistrano Beach, California 92624
Phone: 949-388-3440

RICHARD G. NOVAK (SBN 149303)
Richard@RGNLaw.com
P. O. Box 5549
Berkeley, CA 94705
Phone: 626-578-1175; Fax: 626-685-2562
**Attorneys for Defendant CARLOS GONZALEZ**

*(Additional Counsel on Subsequent Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: CR 18-00172-GW** |
| Plaintiff, | **JOINT DEFENSE PROPOSED ADDITIONAL QUESTIONS FOR VOIR DIRE** |
| vs. | |
| MICHAEL LERMA, ET AL., | |
| Defendants. | |

*Additional Counsel*

CHARLES P. DIAMOND (SBN 56881)
cdiamond@omm.com
AMY R. LUCAS (SBN 264034)
alucas@omm.com
1999 Avenue of the Stars Suite 800
Los Angeles, CA 90067-6035
Phone: 310-246-6789/6784; Fax: 310-246-6779

RICHARD P. LASTING (SBN 53950)
richardplasting@sbcglobal.net
315 East 8th Street, Suite 801
Los Angeles, CA 90014
Phone: 213-489-9025; Fax: 310-626-9677
**Attorneys for Defendant JUAN SANCHEZ**

SHAUN KHOJAYAN (SBN 197690)
shaun@khojayan.com
515 S. Flower St., 19th Floor
Los Angeles, CA 90071
Phone: 310-274-6111; Fax 310-274-6211

DANIEL A. NARDONI (SBN 94201)
dan@nardonilaw.net
215 North Marengo Avenue Suite 328
Pasadena, CA 91101
Phone: 626-578-9872; Fax: 626-578-9873
**Attorney for Defendant JOSE VALENCIA GONZALEZ**

1    Defendants Michael Lerma, Carlos Gonzalez, Juan Sanchez, and

2  Jose Valencia Gonzalez, by and through their respective counsel,

3  hereby file their joint proposed additional questions for voir dire based

4  upon a thorough review of the 85 completed juror questionnaires

5  received on February 21, 2025.

6  Dated: February 24, 2025          Respectfully submitted on behalf of
                                      these four defendants
7

8                                     /s/ Richard G. Novak
                                      Richard G. Novak
9                                     Kenneth M. Miller
                                      **ATTORNEYS FOR DEFENDANT**
10                                    **CARLOS GONZALEZ**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED ADDITIONAL QUESTIONS FOR VOIR DIRE

Counsel for the defendants request that the Court address the following questions to the following jurors:

### Juror #1

Based upon your response to question #53, where you indicated some of your family members had run-ins with gang members, will that prevent you from being a fair and impartial juror in this trial or would those experiences be difficult for you to completely set aside in this case?

### Juror # 3

Please ask the juror to follow up on their response to #54.

### Juror # 7

Please ask the juror to follow up on response to #38.

### Juror # 8

On page 12, you did not answer questions 46-49.  Also, you did not answer questions 56 and 57.  Would you please answer those questions for us?

### Juror # 10

Please ask the juror to follow up on his response to #47 concerning whether a defendant has *something to hide* by not testifying.  You told us that your partner's cousin is a lawyer.  What kind of legal work do they do?  Are you close to them?  Tell us more about the burglary of your home.

4

**Juror # 11**

Please describe the organization referenced in your answer to
question #27.

**Juror # 13**

Please ask the juror to further explain their response to #44.


**Juror # 15**

Q 21, Where does your sister in law, who is a nurse, work? How
often do you speak with her?  Is your wife, who is a lawyer, involved
with criminal law matters?


**Juror # 16**

Please ask the juror to follow up on their responses to #38 and
#48.


**Juror # 18**

Please ask the juror to follow up on responses to #54, 55, 61.
What is "RDP" which is your response to question #29?


**Juror # 19**

Please explain your answer to questions #s 48, 52 and 58.


**Juror # 20**

Can you follow my instruction that the law presumes the
defendant is innocent and his innocence remains intact unless and until
the prosecution proves he is guilty beyond a reasonable doubt?

5

**Juror # 21**

Please elaborate on your answer to question # 37 and how it would influence you as a juror in this case. Thank you for your honesty in advising the Court that the allegations related to the Mexica Mafia affect your ability to be 100% impartial as a juror in this case.   Does any other juror have the same concern?

**Juror # 22**

Do concerns described in questionnaire answers to # 37 and # 52 impact your ability to be a fair and unbiased juror in this case? Are your answers an indication that you have difficulty presuming a defendant or all of the defendants are not guilty of the charged crimes?

**Juror # 27**

Please ask the juror to follow up on responses to #33, 48, 54. Regarding their answer to question # 48, please ask them to explain what they mean by "it depends on the case".

**Juror # 28**

Please ask the juror to follow up on response to #54.

**Juror # 30**

Please ask the juror to follow up on responses to #48, 54.

**Juror # 31**

Please ask the juror to follow up to question # 31:  Is it your son or daughter that is employed by the Fire Department? Has he/she worked as a paramedic with the Fire Department? Is there any reason you

6

would automatically favor or disfavor the testimony of a fire fighter?
Please also ask the juror to follow up on response to #54.

### Juror # 32

With respect to question #21, at which prison did your aunt and
uncle work? How close are you with them? Did you discuss their job
with them? Would this relationship make it difficult to be a juror in a
case that involves events in jails and prisons?

You've told us about experiences with law enforcement and
opinions about the criminal justice system.  Can you set aside those
experiences and general beliefs and evaluate the evidence in this case
according to my instructions and do so in a way that is fair to the
government and each of the defendants

### Juror # 34

These follow-up questions may need to be asked at sidebar.

1) What multiple violent crimes have you been a victim of?
2) Tell us about the trauma you have experienced?
3) Do you feel that Latino gang members are responsible for your
   trauma?
4) Can you promise the court that you can completely set aside all
   of these experiences and not let them impact in any way your
   evaluation of the evidence in this case, or have they been too
   traumatic for you to only evaluate this case on the evidence you
   hear and see in court?

**Juror # 37**

Please ask the juror to follow up on their responses to #39, 54.

**Juror # 38**

You tell us that because of what happened to a co-worker you cannot be impartial. Tell us more about you can't be impartial. It also sounds like you think that in a case like this the defendants have to prove to you that they are not guilty. Why do you feel that way?

**Juror # 40**

**These questions should be asked at sidebar**

We noticed you have a significant amount of legal experience and training related to many of the issues in this case, and you disclosed that you would have a "natural bias" because you have special knowledge of gang cases, work with joint task forces, and have detailed information about the Mexican Mafia. In fact, you have been in the same role as these prosecutors. You have knowledge about detention facilities. You have stated that you would tend to favor law enforcement witnesses. Isn't it fair for the Court conclude that it would be difficult for you to completely set aside all of that experience, training, your beliefs, and everything you know and have seen and evaluate this case only upon the evidence presented in this courtroom during this trial, even if you have knowledge from other sources?

**Juror # 42**

Please ask the juror to follow up on response to #48.

8

**Juror # 43**

Please ask the juror to follow up on their responses to questions #22 and #33. What information do you rely upon for your opinion that COVID was exaggerated? Who do you believe was responsible for the exaggeration? In your opinion what was the purpose of exaggerating COVID?

**Juror # 44**

Please ask the juror to follow up on responses to #41, 44, 53, 57.

**Juror # 46**

Please describe your wife's duties as a 27 year LAPD officer. Please explain/elaborate on your answer to question # 20. Please provide additional information about family member with a drug problem. What was the drug or drugs and who had the problem with addiction or substance abuse.

**Juror # 48**

Please ask the juror to follow up on responses to #39, 47. You report that you were the foreperson on a jury. How would you describe that experience? Why were you chosen as foreperson?

With respect to your cousin who was a victim of a violent crime, would you be able to completely set aside that experience and not permit it to influence your judgement in this case?

**Juror # 52**

You indicated in question #39 that your brother was a victim in a felony case. Please explain the crime he was a victim of. When was the

crime?  Will that impact your impartiality in this trial?  Also, on page
15, please answer questions 58-63.  You left them unanswered.

### Juror # 53

Please ask the juror to follow up on responses to #33, 39, 47. Your
response to question #47 described a possible inference you would draw
if a defendant on trial is not called to testify by his attorney.  Do you
agree a defendant has the right to rely on the failure of the prosecution
to prove his guilt beyond a reasonable doubt?

### Juror # 57

How long was your husband an AUSA? Was that in the Central
District of California?  How long was your son an AUSA? Was that in
the Central District of California? Do those relationships make it more
likely than not that you have a bias in favor of the US Attorney's Office
in this case?  Please explain your answer. Does the fact that you would
favor law enforcement testimony put a defendant or all defendants at a
disadvantage before this trial starts?  Please explain your answer. Do
you believe that because the government has charged a defendant with
a crime or crimes the defendant is more likely to be guilty than not
guilty? If the evidence establishes a defendant is a gang member would
you convict him of a charged crime for that reason alone? Do you agree
or disagree that a gang member can be accused of and charged in
Federal Court with a crime or crimes he did not commit? Do you agree a
gang member should not be convicted of a crime where the evidence
presented at trial does not prove him guilty beyond a reasonable doubt?

**Juror # 59**

You say that the scientific method is trustworthy, but you have an opinion about how it has been politicized? Can you explain more about your opinions in this area.

**Juror # 60**

Please ask the juror to follow up on response to #48.

**Juror # 62**

You indicated in question #46 that the law provides too much protection for people accused of crimes.  Why do you believe this? Your response to question #47 described a possible inference you would draw if a defendant on trial is not called to testify by his attorney.  Do you agree a defendant has the right to rely on the failure of the prosecution to prove his guilt beyond a reasonable doubt?

**Juror # 65**

Concerning question #14, What is a GIS specialist? Is this related to creating maps and databases? Is that a sibling? Also, what is and who is the "Process Engineer"  In your response to question #41, you say you are afraid "we will be targeted." What do you mean?

**Juror #67**

You wrote in your questionnaire that it is hard for you to trust law enforcement. Can you set aside that feeling and evaluate the credibility of each witness based on the instructions I provide?

11

**Juror # 72**

Please ask the juror to follow up on responses to #20, #21 and #37. With respect to #37, you're aware of a trial where the person was unfairly acquitted in your view? Will that make it difficult for you to analyze the evidence in this case?

**Juror # 73**

They did not answer questions 12 through 15, and 45.  Please ask them to answer those questions.  Why do you think COVID was exaggerated.  Please ask them to explain their answer to question 48.

**Juror # 74**

Regarding your answer to Q13, please explain more about your firearm training. Regarding Q 16, do you own your own company presently? If so, how long have you owned it?  Regarding Q 21, did you talk to your neighbor about his/her job at the prison? Do you know which prison it was?

**Juror # 75**

Please explain your answer to question 64.

**Juror # 77**

Please ask the juror to follow up on responses to #21, 31.

**Juror # 78**

Please ask the juror to follow up on response to #47.

**Juror # 80**

You wrote that you believe pandemic was a hoax. Can you please explain more about that?

**Juror # 81**

Re: question # 36: How would your prior jury experience on a civil case prevent you from reaching a fair and impartial verdict in this case?

**Juror # 84**

Please ask the juror to follow up on responses to #53, 57.

**Juror # 85**

Your response to question # 47 described a possible inference you would draw if a defendant on trial is not called to testify by his attorney.  Do you agree a defendant has the right to rely on the failure of the prosecution to prove his guilt beyond a reasonable doubt? Do you agree that if the prosecution fails to prove a person guilty beyond a reasonable doubt, a juror upholds their oath to render a just verdict based on the evidence and instructions on the law, regardless of the defendant testifying or not testifying?

Dated: February 24, 2025          Respectfully submitted on behalf of
                                  these four defendants

                                  /s/ Richard G. Novak
                                  Richard G. Novak
                                  Kenneth M. Miller

13