[filed on behalf of all defendants by]
KENNETH M. MILLER (SBN 151874)
Ken@KMMillerLaw.com
26944 Camino de Estrella, Suite B
Capistrano Beach, California 92624
Phone: 949-388-3440

RICHARD G. NOVAK (SBN 149303)
Richard@RGNLaw.com
P. O. Box 5549
Berkeley, CA 94705
Phone: 626-578-1175

**Attorneys for Defendant
CARLOS GONZALEZ**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MICHAEL LERMA, ET AL., <br> Defendants. | **BEFORE THE HONORABLE GEORGE H. WU, DISTRICT JUDGE** <br> **Case No.: CR 18-00172-GW** <br> **JOINT STATEMENT OF DEFENSE COUNSEL CONCERNING NEWLY DISCOVERED EVIDENCE** <br> **HEARING DATE: 01/2/2026** <br> **TIME OF HEARING: 8:00 A.M.** |

The defendants, through their counsel record, hereby file their *Joint Statement of Defense Counsel Concerning Newly Discovery Evidence*.

Dated: January 18, 2026    Respectfully submitted
　　　　　　　　　　　　　on behalf of all defendants

　　　　　　　　　　　　　/s/ Richard G. Novak
　　　　　　　　　　　　　Richard G. Novak
　　　　　　　　　　　　　Kenneth M. Miller
　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　CARLOS GONZALEZ**

# JOINT STATEMENT OF DEFENSE COUNSEL
# CONCERNING NEWLY DISCOVERED EVIDENCE

The Court's tentative rulings dated January 2, 2026, "require[s] defense counsel to provide an explanation at the hearing on the Motions as to precisely how (and when) they came to discover that Navarro and Macias had pertinent information concerning S.B.'s murder, including the reason these steps were not taken sooner." (*In Chambers, Tentative Rulings* at 19).

The Court reiterated its order at the hearing on January 5, 2026, which was continued to January 22, 2026, because the witnesses were not transported to the courthouse to testify on January 5, 2026. The Court ordered counsel to file this statement on Friday January 16, 2026.[1]

The jury verdict was returned on March 28, 2025.

On May 16, 2025, Mr. Khojayan, counsel for Jose Valencia Gonzalez, informed all other defense counsel in this matter that he had just learned from his client that Mr. Navarro had recently informed Mr. Valencia Gonzalez within a few days of May 16, 2025, that while he (Mr. Navarro) was housed in the SHU at MDC-Los Angeles, Mr. Martinez admitted to him that he was responsible for the murder of Mr. Bencom.

On May 28, 2025, Mr. Novak and Mr. Miller, counsel for Carlos Gonzalez, interviewed Mr. Navarro at MDC-Los Angeles. During that interview, Mr. Navarro identified an MDC inmate he knew as "Player" as another individual who had been housed in the SHU and who, he

---

[1] Undersigned counsel (Mr. Novak) apologizes for not filing this *Statement* until January 18, 2026. Mr. Novak was participating in an evidentiary hearing in another state on the afternoon of January 16, 2026, and neglected to complete and file this Statement before travelling back to California that evening.

believed, had been communicating with Mr. Martinez about his responsibility for the death of Mr. Bencom.

On August 20, 2025, Ms. Derby, counsel for Mr. Lerma, informed all other defense counsel that she had determined that "Player" is an MDC inmate whose true name is Johnny Macias.

On September 17, 2025, Ms. Derby interviewed Mr. Macias at MDC.

On September 19, 2025, Mr. Macias executed his declaration prepared by Ms. Derby, in her presence.

On September 21, 2025, Mr. Navarro executed his declaration, prepared by Mr. Novak, in his presence.

Prior to trial, defense counsel were not aware that Mr. Martinez had made any statements to any person, other than the statements he made to BOP officials, law enforcement officers, and Assistant United States Attorneys, concerning the death of Mr. Bencom. The discovery provided by the United States did not disclose any such statements, nor did the thorough pre-trial investigation demonstrated by the presentation of the defense at trial disclose or even suggest he had made such statements.

Prior to trial, no defense counsel was aware of the fact that Mr. Navarro and Mr. Macias were housed in the SHU with Mr. Martinez in February and March 2025, nor that he had made statements, verbally or in writing, to them, concerning the death of Mr. Bencom. Their identities were not known to defense counsel until after the return of the verdicts.

Mr. Bencom's body was discovered in his cell in June 2020. Between June 2020 and March 2025, Mr. Martinez was incarcerated in numerous correctional institutions, including BOP facilities and

privately operated correctional facilities, some of which are not in California.  Counsel for the defendants had no reason to believe prior to May 2025 that Mr. Martinez had made statements about the death of Mr. Bencom to any inmates with whom he was in contact during that almost 5 year period.

The diligence required of the defendants, imputed to counsel, does not include interviewing every inmate with whom an incarcerated government witness may have had contact over an almost five year period in order to determine if any relevant statements were ever made by that witness, where there is no information known to counsel that he had done so nor a reasonable basis for counsel to believe he had done so.[2]

Dated: January 18, 2026

Respectfully submitted on behalf of all defendants,

/s/ Richard G. Novak
Richard G. Novak
Kenneth M. Miller
**ATTORNEYS FOR DEFENDANT CARLOS GONZALEZ**

---

[2] A Fifth Circuit decision affirming a district court's grant of a new trial based on newly discovered evidence, over the government's argument that there was a failure of diligence, is instructive.  In *United States v. McRae*, 702 F.3d 806, 841 (5th Cir. 2012), the district court properly relied on "its own observations of the overall diligence exhibited by McCabe's attorneys throughout this case." "Diligence does not require perfect hindsight."  Just as McCabe's attorneys had "no reason to suspect that another copy of the disputed police report existed" Mr. Gonzalez' counsel had no reason to know or even believe that Mr. Martinez had made inculpatory statements to other MDC inmates before learning of them when the inmate witnesses came forward after trial. *Id.* at 841.